# IN THE COURT OF APPEALS OF IOWA

No. 14-1318
Filed December 9, 2015

**BROOKVIEW FARMS, LLC,**
    Petitioner-Appellee,

**vs.**

**CURTIS WENNES,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Thomas A. Bitter, Judge.

A farm owner appeals the district court's ruling resolving a fence dispute with his neighbor. **AFFIRMED.**

Jed L. Hammell of Hammell & Murphy, P.L.L.P., Caledonia, Minnesota, for appellant.

Jeremy Lee Thompson or Putnam Law Office, Decorah, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

This case presents the question whether a land owner breached an agreement with his neighbor to keep a "tight fence" between their farms. Because we find no legal error[1] in the district court's ruling, we affirm.

Douglas Corson, through Brookview Farms, LLC, owns Winneshiek County land that his family has farmed since 1872. Curtis Wennes and his family have owned the adjacent farmland since the 1940s. In 2012 the two landowners disputed the ownership and maintenance responsibilities for six sections of fence dividing Corson's pasture land from Wennes's crop land.[2] To resolve the dispute, the two parties and their attorneys negotiated and signed a "partition line fence agreement," which was recorded in October 2013. Under the agreement, "Corson is responsible for sections 2, 3, and 6, and Wennes is responsible for sections 1, 4, and 5." The parties negotiated and agreed:

> All new fence, and the upkeep and maintenance of existing fence, shall be a "tight fence" which includes 32" high netting and 3 strands of 4 barb-12 gauge wire, with posts not more than 10' on center consisting of 3 steel posts and then a substantial wood post. This is the minimum requirement that must be met but the parties are free to utilize greater fence requirements if they choose.

The contract required Wennes to (1) bring his previously constructed new fence in section one in compliance with the "tight fence" requirements and remove the old fence by December 1, 2013, (2) construct a new fence meeting the "tight fence" requirements in section five and remove the old fence by

---

[1] "The construction and interpretation of a contract is generally reviewed as a matter of law." *Longfellow v. Sayler*, 737 N.W.2d 148, 153 (Iowa 2007).

[2] Brookview Farms initially sought judgment under Iowa Code chapter 359A (2011) setting out the powers of fence viewers and defining the duty of adjacent land owners to maintain "tight fences."

December 1, 2013, and (3) construct a new fence meeting the "tight fence" requirements in section four and remove the old fence by May 1, 2014.

Wennes hired Gary Schnitzler to do the fence work required by the contract. Schnitzler did not read the contract, instead relying on Wennes's instructions. Wennes, who winters in Arizona, left Iowa in mid-December 2013.

Corson sued for breach of contract, claiming Wennes failed to meet his time-sensitive obligations. Trial to the court commenced in May 2014. Schnitzler admitted he did not finish the fencing in sections four and five until April 29, 2014, and also stated he did not know he was supposed to remove the old fencing from Wennes's sections. As to section four, Schnitzler testified he intentionally placed the fence thirty to forty feet inside Wennes's property to avoid crossing the creek more than once. Schnitzler also admitted he could have measured more carefully, acknowledging he had a fence post left over when the job was completed. Corson testified many of the posts were not ten feet or less apart, as required, and one gap measured sixteen feet. Corson also testified to the damages suffered by Brookview Farms.

The district court ruled Wennes had breached the contract and awarded Brookview Farms $3818.94 "for work to bring the fences into compliance," as well as $400 to repair a tile line, $300 for reseeding, and $3913 for lost rent in 2014. The court declined to award damages for lost pasture rent for 2013 and declined to award attorney fees.

Wennes timely appealed and claims: (1) no damages were incurred because any problem with the post spacing was "immaterial and/or de minimus";

(2) the fence installed in section four complied with the contract, or alternatively, any breach should be excused because the swampy nature of the land made "strict performance" impracticable; and (3) the court erred in awarding damages for repair of a tile line, for reseeding, and for lost pasture rent in 2014.[3]

After reviewing the parties' briefs, the record, and district court ruling, we find further discussion is unnecessary and affirm the district court's well-reasoned ruling. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e).

**AFFIRMED.**

---

[3] Wennes does not argue it was improper for the court to award $3818.94 in damages to Brookview for Corson to bring Wennes's fence into compliance instead of requiring specific performance on Wennes's own part. Accordingly, we do not address that point.